# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SUSAN SCHLECHTY**                                              **PLAINTIFF**

v.                                                    **CAUSE NO. 1:18CV33-LG-RHW**

**UNITED STATES OF AMERICA;**
**CITY OF GULFPORT,**
**MISSISSIPPI; GULFPORT**
**POLICE DEPARTMENT; and**
**JOHN DOES**                                                 **DEFENDANTS**

## ORDER GRANTING MOTION TO QUASH ATTEMPTED SERVICE OF PROCESS AND DENYING MOTION TO DISMISS

**BEFORE THE COURT** is the [3] Motion to Quash Service Attempt and Dismiss pursuant to Fed. R. Civ. P. 12 or for Other Relief filed by the defendant City of Gulfport, Mississippi. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Quash should be granted, and the Motion to Dismiss should be denied as premature.

## BACKGROUND

On February 1, 2018, the plaintiff Susan Schlechty filed this lawsuit against the United States of America, the City of Gulfport, the Gulfport Police Department, and John Does alleging excessive force, aggravated assault, and denial of medical attention. Schlechty's attorney attempted to serve the City of Gulfport via certified mail on February 8, 2018. The City of Gulfport filed the present Motion to Quash the Attempted Service of Process and to Dismiss pursuant to Fed. R. Civ. P. 12.

# DISCUSSION

"[A] Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Fed. R. Civ. P 4(j)(2) provides:

A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Miss. R. Civ. P. 4(d)(7) provides that municipal corporations may be served by "delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation." Miss. R. Civ. P. 4(c)(5) provides that a plaintiff may use certified mail, return receipt requested, to serve "a person outside this state." The Comments to Mississippi Rule of Civil Procedure 4 explain that "[t]he certified mail procedure is not available to serve a person within the state."

Schlechty does not dispute that her attempted service of process was ineffective; therefore, the City's Motion to Quash the Attempted Service is granted. However, Schlechty argues that the City's Motion to Dismiss is premature because the ninety-day deadline for serving process has not expired. The Court agrees. *See McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (explaining that any attempt

to seek dismissal on the grounds of defective service is premature until the period for service of process has expired). Since Schlechty filed this lawsuit on February 1, 2018, her deadline for serving process is May 2, 2018. *See* Fed. R. Civ. P. 4(m). As a result, the City of Gulfport's Motion to Dismiss is denied at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [3] Motion to Quash Service Attempt filed by the defendant City of Gulfport, Mississippi, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [3] Motion to Dismiss pursuant to Fed. R. Civ. P. 12 filed by the defendant City of Gulfport, Mississippi, is **DENIED** as premature.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE